MARGARET PERKINS *vs.* INHABITANTS OF FAYETTE.

Kennebec. Decided April 3, 1878.

*Way—defective.*

A town is not required to render its roads passable for traveling for the entire width of their located limits, but only to keep a width thereof in a smooth condition, sufficient to render the passing over them safe and convenient.

A town has the right, in making or repairing a road, to remove stones and stumps onto, and leave natural obstructions upon, the sides of a way; provided the same are situated so far from the traveled track that persons with teams may pass without danger of coming in collision with them.

A town is not liable for damage sustained by a traveler from the fright of his horse at meeting cows in the road with boards on their horns, and also from a defect in the way, the combined action of both causes operating to produce the accident. *Moulton* v. *Sanford,* 51 Maine, 127, re-affirmed.

ON EXCEPTIONS.

CASE for personal injuries from defective highway, received May 27, 1873.

Writ dated January 9, 1875. The alleged obstruction was a large stone, which the plaintiff claimed, and there was evidence tending to show, had been blasted and was lying within the located limits of the road and outside the wrought part. The side of the stone next the wrought part was on a line with the outside of the ditch and about two feet from the wrought part, which at this point was in good condition. The defendants claimed, and introduced evidence tending to show, that the rock was naturally there. The plaintiff was riding in a single horse wagon with her son, who was driving, and after passing several rods beyond the rock, some cows with boards on their horns came to the top of a hill from an opposite direction, when the horse became suddenly frightened and attempted to turn about in the road. The driver jumped from the wagon, and seizing the rein near the bit, prevented the horse from turning short about, but could not control him. The horse turned out of the wrought part onto the side, between the ditch and the fence, and after going some four or five rods, in returning into the wrought part of the road, the driver still holding by the rein, one of the forward

wheels struck the rock, by which the wagon was upset and the plaintiff thrown out and severely hurt.

The plaintiff's counsel after the charge requested the following instructions :

" If the plaintiff's horse was uncontrollable and was running, without any fault of the driver, and not in consequence of any deficiency of the carriage or harness, or any vicious habits of the horse, and the highway was defective, the town having notice of the defect, and the injury resulted from such defect, the defendants would be liable."

" Public rights of travel are not restricted to the prepared and usually traveled path, but citizens have a right to travel over the whole width of the way as laid out, without being subjected to other or greater dangers than may be presented by natural obstacles, or those necessarily occasioned by making and repairing the traveled path."

" Stones, timbers or other obstacles unnecessarily placed within the limits of the road, outside of the traveled path, are as unlawfully there as they would be in the traveled path."

The requested instructions were refused, the presiding justice having covered the points by contrary instructions, or such as were less favorable to the plaintiff. The instructions specially objected to in the argument appear in the opinion. The verdict was for the defendants ; and the plaintiff alleged exceptions.

*E. O. Bean,* for the plaintiff, asked the court to review the decision in *Moulton* v. *Sanford,* 51 Maine, 127.

*D. C. Robinson,* for the defendants.

PETERS, J. A question arose at the trial as to what extent towns were responsible for injuries to travelers, occasioned by their teams coming in collision with obstructions on the side of the road beyond the traveled way. The judge instructed the jury that towns were not required to render the road passable for the entire width of the whole located limits, and that the duty of the town was accomplished by making a sufficient width of the road in a smooth condition so that it would be safe and convenient for travelers. He also directed the jury that the town had the right,

in making or repairing a road, to remove stones and stumps onto the sides of the way and leave natural obstructions there, provided the same were situated so far from the traveled track that persons passing over the road with teams might pass without danger of coming in collision with them. We think it would be utterly impossible for towns, as a general rule, to do more than that. No doubt there is a chance that the team of a traveler, in the dark or from fright of the horse or some other mishap, might strike against a rock on the side of the way. So, if the rock was not there, it might get into a ditch or bog or against a railing or fence, or encounter some other disaster. It is enough that the way is safe and convenient in view of such casualties as might reasonably be expected to happen to travelers. All possible accidents cannot be provided against by anybody. The judge did not give the requested instructions, but in his own words covered the grounds assumed by them, defining the municipal liability clearly and correctly. *Johnson* v. *Whitefield*, 18 Maine, 286. *Dickey* v. *Maine Tel. Co.*, 46 Maine, 483.

It seems that the plaintiff's horse became frightened at cows in the road having boards on their horns, and, being beyond the control of the driver, turned out of the traveled way and ran around between the ditch and the fence until the wagon brought up against a rock on the side of the road, causing the injury complained of. The instruction to the jury was that, if the accident was produced by the fright at the cows and also by a defect in the way, by the combined action of both causes, the plaintiff could not recover. This was in accordance with the doctrine established in the leading and (in our own state) important case of *Moulton* v. *Sanford*, 51 Maine, 127. The plaintiff, by the learned argument of her counsel, claims that this case should be directly and positively overruled. We are not convinced that it would be wise to do so. We know the opposite view is taken by several other courts. It is to be admitted, also, that we do not ordinarily apply the same rule, in this respect, in cases of this kind that we do in other classes of cases. The remedy sought for here is statutory and not at common law. The early cases in this state construed the statute somewhat strictly. The plaintiff con-

tends that a town should be liable, even if the defective way is not the sole cause of the injury, provided that the co-operating and contributing cause is nothing for which the person injured is at all in fault and over which he could exercise no agency or control. This view was taken by a minority of the court in the case alluded to, but the case was decided otherwise, upon the ground that the positive terms of the statute, as interpreted by previous adjudications, would not admit of such a construction. Now that the principle has been so deliberately affirmed and established, we have no hesitation in declaring that it should be firmly maintained. Its restraining influence, in view of the inconsiderateness of juries in too many of this class of cases, cannot but be productive of good. In this particular case, it would be difficult to see that, in any just and proper sense, any defect in the way was even one of a combination of causes producing the accident.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.