NOYES *v.* BOSCAWEN.

The negligence of the driver of the carriage in which the plaintiff was riding at the time of his injury is no defence to an action against a town for damages from a defective highway by a passenger guilty of no personal negligence and having no control over the driver.

CASE, for damages for injuries from a defective highway. Verdict for the defendants. At the time of the injury the plaintiff was riding with Dearborn, her brother-in-law, in his carriage, which he was driving. The plaintiff requested the court to instruct the jury that the negligence of Dearborn, the driver, could not affect the plaintiff's right to recover, unless he was her agent, and either under her control, or controlled her personal conduct. The court instructed the jury that if either Dearborn or the plaintiff did not exercise ordinary care, and by such care the plaintiff would have

escaped injury, their verdict should be for the defendants; and the plaintiff excepted.

*D. F. Dudley*, for the plaintiff.

*W. G. Buxton*, for the defendants.   To satisfy the jury that a person driving upon a stone of the dimensions of this one would be " shaken up," would hardly need evidence of the experience of other people.   So in case this evidence could have been admissible, the plaintiff has suffered nothing by its rejection.

It is well settled, by the preponderance of authority and upon reason, that the negligence of the driver is to be imputed to the plaintiff,—so that in this case, if either Dearborn or the plaintiff did not exercise ordinary care, and by such care the plaintiff would have escaped injury, the plaintiff cannot recover.   *Thorogood* v. *Bryan*, 8 C. B. 115; *Cattlin* v. *Hills*, 8 C. B. 123; *Armstrong* v. *Railroad Co.*, 10 L. R. Exch. 47; *Lockhart* v. *Lichtenthaler*, 46 Penn. St. 151; *Puterbaugh* v. *Reasor*, 9 Ohio St. 484; *Allyn* v. *B. & A. Railroad*, 105 Mass. 77; *Smith* v. *Smith*, 2 Pick. 621; Shear. & Red. Neg. 475.

In this state we find no authority directly in point.   Whenever the driver has been other than the plaintiff, it has been assumed that the plaintiff was responsible for the acts of the driver. *Norris* v. *Litchfield*, 35 N. H. 276; *Cummings* v. *Centre Harbor*, 57 N. H. 17; *Stark* v. *Lancaster*, 57 N. H. 88.

*Chase & Streeter*, on the same side.   The traveller and the town are both in duty bound to exercise due care and constant care. The town is bound for the whole distance of the way, and at all times, to provide a legally sufficient highway, and the traveller is bound to exercise constant care the whole of the journey.   Their duties are correlative.   Has the traveller, then, the right to intrust the exercise of this care to another (the driver), and still not suffer detriment from the other's carelessness ?   Can she deprive the town of the right to exact of the traveller a degree of care correlative with the degree of care the law exacts of it?   Has she the right to deprive herself of the power to exercise care, and still exact care of the town ?   Should not the plaintiff, having delegated the duty of care, which the law requires of her, to another (the driver), be affected with all the legal consequences which a neglect of duty would attach to her if she performed the negligent act herself?

If it is said that she performed the act of care required of her when she used care and prudence in selecting a driver, the reply is, that a single act of care is not enough: the town is entitled to the benefit of the traveller's constant care.

CLARK, J.   The case raises the question whether a person who is guilty of no personal negligence, receiving an injury while rid-

ing in the carriage of another, caused by a defect in the highway and the carelessness of the driver over whom he has no control, is prevented by the negligence of the driver from recovering against the town; whether the negligence of the driver of a carriage is a defence to an action brought by a passenger personally free from fault for the recovery of damages for an injury happening from a defective highway. Upon the question whether the negligence of the driver or manager of a carriage is imputable to a passenger, the authorities are conflicting.

In the leading English case of *Thorogood* v. *Bryan,* 8 C. B. 115, a passenger in alighting from an omnibus was thrown down and injured by the negligent management of another omnibus, and it was held that an action could not be maintained against the owner of the latter, if the driver of the omnibus in which the passenger was riding, by the exercise of proper care and skill, might have avoided the accident which caused the injury. Although this case has been criticised by English judges, we are not aware that it has been overruled in the English courts; and in *Armstrong* v. *The Lancashire & Yorkshire Railway Company*, 10 L. R. Exch. 47, decided in 1875, it was followed and approved. In the latter case, the plaintiff was injured by a collision of a train of the London & North-Western Railway Company, on which he was a passenger, with some coal-cars of the defendant company. The jury found that the collision was caused by the joint negligence of the London & North-Western Company and the defendants; and it was held that the plaintiff was so far identified with the London & North-Western Company that he could not recover. 12 Moak's Eng. Rep. 508.

In this country, the doctrine of *Thorogood* v. *Bryan* has been approved and followed in some states, and in others it has been questioned and its soundness denied. The weight of authority seems to be against it. Cases supporting it are found in Wisconsin (*Houfe* v. *Fulton,* 29 Wis. 296, *Prideaux* v. *Mineral Point,* 43 Wis. 513); in Pennsylvania (*Lockhart* v. *Lichtenthaler,* 46 Penn. St. 151, *Forks Township* v. *King,* 84 Penn. St. 230); in Iowa (*Payne* v. *C., R. I. & P. R. Co.,* 39 Iowa 523); and in Vermont (*Carlisle* v. *Sheldon,* 38 Vt. 440). Two Massachusetts cases are cited as supporting the doctrine,—*Smith* v. *Smith,* 2 Pick. 621, and *Allyn* v. *B. & A. Railroad Company,* 105 Mass. 77; but all that was decided in *Smith* v. *Smith* was, that one who is injured by an obstruction unlawfully placed in a highway cannot maintain an action for damages if it appears that he did not use ordinary care by which the obstruction might have been avoided; and *Allyn* v. *B. & A. Railroad Company* merely decides that there was no evidence for the jury that the plaintiff was in the exercise of due care. The question does not arise in highway cases in Massachusetts and Maine, as it is there held that a town is not liable for an injury caused by a defect of the highway and the negligent act

of a third party combined, the construction given to the statute being that no action can be maintained unless the injury arises wholly from the defect. *Rowell* v. *Lowell*, 7 Gray 100; *Shepherd* v. *Chelsea*, 4 Allen 113; *Moulton* v. *Sanford*, 51 Me. 127; *Perkins* v. *Inhabitants of Fayette*, 68 Me. 152.

The doctrine of *Thorogood* v. *Bryan* is denied in New York (*Robinson* v. *New York Cent. & Hudson River R. R. Co.*, 66 N. Y. 11, and *Dyer* v. *Erie Railway Co.*, 71 N. Y. 228); in New Jersey (*Bennett* v. *The New Jersey Railroad Co.*, 7 Vroom 225, and *New York, Lake Erie & Western Railroad* v. *Steinbrenner*, 18 Vroom 161, 171); in Ohio (*Transfer Company* v. *Kelly*, 36 Ohio St. 86, 91); in Illinois (*Wabash, St. Louis & Pacific Railway Co.* v. *Shacklet*, 105 Ill. 364); in Kentucky (*Danville, &c*, *Turnpike Co.* v. *Stewart*, 2 Met. Ky. 119, and *Louisville, Cincinnati & Lexington Railroad Co.* v. *Case*, 9 Bush 728); in California (*Tompkins* v. *Clay Street Railroad Co.*, 4 West Coast Reporter 537); and in the supreme court of the United States, in the recent case of *Little* v. *Hackett*, 116 U. S. 366.

The rule that the negligence of the driver or manager of a vehicle is to be treated as the negligence of a passenger, in an action by the passenger against a third party, is put upon the ground that the passenger in selecting the conveyance has placed himself in the care of the driver, and hence must be taken to be in the same position; and the driver, as to third persons, is to be so far regarded as the agent or servant of the passenger as to make the latter chargeable with the driver's negligence, and hence not entitled to recover, although he may have been free from fault himself. In *Carlisle* v. *Sheldon*, 38 Vt. 440, which was an action for injury to a wife caused by a defect in the highway while riding in a carriage driven by her husband, the doctrine is stated by *Kellogg*, J., as follows: "The question is, whether a lack of ordinary care and prudence on the part of the husband is in law, under the circumstances of the case, a bar to a recovery for an injury to the wife when she herself was in the exercise of that degree of care, and was in no fault whatever. The wife was riding in a wagon drawn by a horse driven by her husband. She was a passenger over the highway, and she stands in no different position in respect to her rights as against the town from that which she would occupy if the driver of the vehicle in which she was carried had been, instead of her husband, one employed for that purpose. The negligence or want of ordinary care of her servant would have the same effect, and be attended with the same legal consequences, which would follow from her own negligence or want of care. If she had been a passenger in a stage-coach on this occasion and had received the same injury, under precisely the same circumstances, although she might have had a cause of action against the proprietor for the negligence or want of care of the driver, we regard it as clear that no action could have been maintained against the town, because the proprietors

and their driver would in respect to the town be treated as being her agents and servants, and their negligence or want of ordinary care would be attended with the same consequences which would result from her own negligence and want of such care.   The passenger would in respect to the town stand upon the same footing that he would if he had himself been the driver.   There is nothing in the marital relation which would change the situation of the wife in respect to her husband's negligence under such circumstances, for the same consequences would have followed if the relation, instead of being that of husband and wife, had been that of parent and child, father and daughter, or master and servant, or if she had been an entire stranger, and had been carried by her husband as a passenger gratuitously and without any expectation of reward.   She was under the care of her husband, who had the custody of her person and was responsible for her safety; and any want of ordinary care on his part is attributable to her in the same degree as if she were wholly acting for herself."

On the other hand, this doctrine is declared to be unsound, and in conflict with the principle that no one should be denied a remedy for injuries sustained without fault by him or by a party under his control or direction; that the relation of master and servant, or principal and agent, does not exist in cases where the passenger has no control over the driver; that it is the right to control the conduct of the agent which is the foundation of the doctrine that the master is to be affected by the acts of his servant, and that no one is responsible for the negligence of another unless the latter is his servant or agent.   In *Robinson* v. *N. Y. C. & H. R. R. Co.*, 66 N. Y. 11, which was the case of a person injured by a collision of the defendants' train of cars with a carriage in which the plaintiff was riding by invitation of the owner, who was driving, and whose negligence, it was claimed, contributed to the injury, *Church*, C. J., says,—" The court charged the jury that if the defendant was negligent, and the plaintiff was free from negligence herself, she was entitled to recover, although the driver might be guilty of negligence which contributed to the injury.   In determining this question, it is important to first ascertain the relation which existed between the plaintiff and Conlon, the driver.   It is very clear, and was found by the jury, that the relation of master and servant did not exist, nor was Conlon in any sense the agent of the plaintiff.  .  .  .   It is the case of a gratuitous ride by a female upon the invitation of the owner of the horse and carriage.   The plaintiff had no control of the vehicle, nor of the driver in its management. It is not claimed but that Conlon was an able-bodied, competent person to manage the establishment, nor that he was intoxicated, or in any way unfit to have charge of it.   Upon what principle is it that his negligence is imputable to the plaintiff?   It is conceded that if by his negligence he had injured a third person, she would not be liable.   She was not responsible for his acts, and had no

right and no power to control them.    True, she had consented to ride with him, but as he was in every way competent and suitable, she was not negligent in doing so.    Can she be held, by consenting to ride with him, to guarantee his perfect care and diligence?    There was no necessity for riding with him : it was a voluntary act on the part of the plaintiff, but it was not an unlawful or negligent act.    She was injured by the negligence of a third person, and was free from negligence herself; and I am unable to perceive any reason for imputing Conlon's negligence to her.    .    .    It is no excuse for the negligence of the defendant that another person's negligence contributed to the injury for whose acts the plaintiff was not responsible."

Bennett v. New Jersey Railroad & Transportation Company, 7 Vroom 225, was the case of a passenger in a horse-car injured by the negligent management of a locomotive by the defendants' engineer, and it was held no defence to show contributory negligence in the driver of the horse-car.    In delivering the opinion of the court, Beasley, C. J., said,—" The proposition claimed to be law is, that when a passenger enters a public conveyance, he in some sort becomes affected by the negligence of the agents of those in charge of such conveyance, at least to the extent of debarring him from suits against third parties for injuries occasioned by the joint carelessness of such third parties and that of the servants having the control of the vehicle in which he is riding.    This position has for its support the case of Thorogood v. Bryan.    The authority is, in every respect, in point.    .    .    .    The reason given for the judgment is, that the passenger in the omnibus must be considered as identified with the driver of the omnibus in which he voluntarily becomes a passenger, and that the negligence of the driver is the negligence of the passenger. But I have entirely failed to perceive how it is that the passenger in a public conveyance becomes identified, in any legal sense, with the driver of such conveyance.    Such identification could only result in one way, that is, by considering such driver the servant of the passenger.    I can see no ground upon which such a relationship is to be founded.    In a practical point of view it certainly does not exist.    The passenger has no control over the driver or agent in charge of the vehicle. And it is the right to control the conduct of the agent which is the foundation of the doctrine that the master is to be affected by the acts of his servant.    To hold that the conductor of a street-car or of a railroad train is the agent of the numerous passengers who may chance to be in it, would be a positive fiction.    In reality there is no such agency; and if we impute it and correctly apply legal principles, the passenger, on the occurrence of an accident from the carelessness of the person in charge of the vehicle in which he is being conveyed, would be without any remedy.    It is obvious, in a suit against the proprietor of the car in which he was a passenger, there could be no remedy if the driver or conductor

of such car is to be regarded as the servant of the passenger. And so, on the same ground, each passenger would be liable to every person injured by the carelessness of each driver or conductor, because, if the negligence of such agent is to be attributed to the passenger for one purpose, it would be entirely arbitrary to say that he is not to be affected by it for other purposes."

The recent case of *Little* v. *Hackett*, in the supreme court of the United States, was the case of a person hiring a public hack, and being injured by a collision of the hack and a railway train, caused by the negligence of both the managers of the train and the driver of the hack, over whom the passenger exercised no control, except in directing where he wished to be conveyed. Speaking for the court, Mr. Justice *Field* said,—"Cases cited from the English courts, as we have seen, and numerous others decided in the courts of this country, show that the relation of master and servant does not exist between the passenger and the driver, or between the passenger and the owner. In the absence of this relation, the imputation of their negligence, when no fault of omission or commission is chargeable to him, is against all legal rules. If their negligence could be imputed to him, it would render him equally with them responsible to third parties thereby injured, and would also preclude him from maintaining an action against the owners for injuries received by reason of it. But neither of these conclusions can be maintained; neither has the support of any adjudged cases entitled to consideration. The truth is, the decision in *Thorogood* v. *Bryan* rests upon indefensible ground. The identification of the passenger with the negligent driver or the owner, without his personal coöperation or encouragement, is a gratuitous assumption. There is no such identity. The parties are not in the same position. The owner of a public conveyance is a carrier, and the driver or person managing it is his servant. Neither of them is the servant of the passenger, and his asserted identity with them is contradicted by the daily experience of the world. . . . There is no distinction in principle whether the passenger be on a public conveyance, like a railroad train or an omnibus, or be on a hack hired from a public stand in the street for a drive. Those on a hack do not become responsible for the negligence of the driver if they exercise no control over him further than to indicate the route which they wish to travel or the places to which they wish to go. If he is their agent so that his negligence can be imputed to them to prevent their recovery against a third party, he must be their agent in all other respects, so far as the management of the carriage is concerned, and responsibility to third parties would attach to them for injuries caused by his negligence in the course of his employment. But, as we have already stated, responsibility cannot, within any recognized rules of law, be fastened upon one who has in no way interfered with and controlled in the matter causing the injury. From the simple fact of hiring the carriage

or riding in it no such liability can arise. The party hiring or riding must, in some way, have coöperated in producing the injury complained of before he incurs any liability for it." *Little* v. *Hackett*, 116 U. S. 366, 374, 375, 379. These remarks apply with equal force to the case of a person hiring a passage in a private conveyance, or accepting a gratuitous invitation to ride in the carriage of another. The foregoing are actions by passengers injured by the negligence of the driver or manager of the conveyance in which they were riding, coupled with the negligence of the managers of another public conveyance; but there is no distinction in principle between them and the case of a passenger in a private carriage injured by the negligence of the driver and a defect in the highway.

The question whether the negligence of a driver over whom a passenger has no control is a bar to an action by the passenger for injuries caused by an insufficient highway has never been directly raised or determined in this state. It has sometimes been assumed, without being questioned, that the passenger was responsible for the driver's care. The question can only arise in cases where the passenger has no authority or control over the driver, and where the relation of master and servant, or principal and agent, does not exist between the passenger and driver. It does not arise in an action by the owner of a team injured by a defective highway while in the possession and control of a bailee. Property cannot of itself exercise care, or be guilty of negligence. It has no rights or duties independent of the owner; and as towns are liable for damages happening to travellers only, the owner of a team injured by a defective highway, to recover against a town, must show that at the time of the injury it was being used for travelling purposes, and managed with reasonable care, and therefore the owner is bound by the degree of care exercised by the party to whom he has entrusted the care of his property. To recover for a personal injury, a traveller must show that he was personally exercising due care; and to recover for an injury to property, it must appear that the property was used and managed with due care at the time the injury was received. Hence cases for injury to a horse or carriage in the control of a bailee, like *Norris* v. *Litchfield*, 35 N. H. 271, *Cummings* v. *Centre Harbor*, 57 N. H. 17, and *Stark* v. *Lancaster*, 57 N. H. 88, are not authority for the doctrine that a passenger, personally exercising due care, is necessarily chargeable with the negligence of the driver or manager of the vehicle in which he is riding.

In the absence of any relation of master and servant, or principal and agent, when each is independent of control by the other, why should a passenger be chargeable with the driver's negligence any more than the driver with the passenger's negligence? In travelling in the night, an obstruction in the highway, unknown to the driver but known to a passenger, causes an injury to both. By

informing the driver the accident would have been avoided, and the passenger was chargeable with negligence in failing to give the information. The passenger cannot recover. Would his negligence preclude the driver, who was in no fault, from recovering? A traveller on foot is responsible only for his own negligence. Why should a traveller in a carriage be held responsible not only for his own negligence but also for the negligence of a driver over whom he has no control? It is contended that towns are only required to keep their highways safe for careful driving, and therefore a passenger is necessarily affected by the driver's negligence. There is no absolute legal test of the sufficiency of a highway. Like the question whether a person is a traveller upon the highway, it is ordinarily a question of fact. *Varney* v. *Manchester*, 58 N. H. 430. A highway is not required to be entirely free from defects, but it must be suitable for the travel thereon. G. L., *c.* 75, *s.* 1. It must be reasonably safe. But it cannot be said, as matter of law, that a highway, sufficient with a safe horse, carriage. and driver, is a reasonably safe highway, nor that a highway to be reasonably safe must be sufficient to prevent accidents with a vicious horse, a defective carriage, or a careless driver.

The fact that an injury to a traveller on a highway was caused by the combined effect of the unsafe condition of the road and the negligence of a third person is no defence to the party who is bound to keep the highway in repair. Shear. & Red. Neg.; *Winship* v. *Enfield*, 42 N. H. 197; *Norris* v. *Litchfield*, 35 N. H. 271; Cool. Torts 684. A traveller is required to exercise reasonable care in the use of a highway, in the selection of his horse, harness, and carriage; and if he exercises such care, the fact that the vices of the horse or defects in the harness or carriage may have concurred with the unsafe condition of the highway in causing an injury is no defence to the town. *Clark* v. *Barrington*, 41 N. H. 44; *Tucker* v. *Henniker*, 45 N. H. 317. In harmony with this rule, and upon principle, we think that a traveller should be held to the exercise of reasonable care only in the selection of a driver; and being in no fault in the choice of his conveyance, and having no control over the management of the team, he should not be held responsible for the negligence of the driver which he could not reasonably anticipate or prevent. In *Plummer* v. *Ossipee*, 59 N. H. 55, which was an action by a wife for injuries from an obstruction in a highway while riding with her husband, the defendant claimed that the husband was a fast and careless driver, and introduced in evidence particular instances of his fast and careless driving; and, subject to exception, the plaintiff was permitted to testify to other instances of his careful driving when she had been riding with him,—and it was held that the evidence was relevant to the husband's character for driving safely or otherwise, and was also relevant to the question of the plaintiff's negligence in selecting a suitable driver on the occasion of the accident.

In this view the instructions to the jury as to the plaintiff's responsibility for Dearborn's negligence should have been qualified. If the plaintiff was in no fault in riding with Dearborn, and in no way controlled or could control his management of the team, she was not responsible for his negligence.

*New trial.*

CARPENTER, J., did not sit: the others concurred.

Since the announcement of the foregoing opinion, and pending a motion for a rehearing, which, after re-argument, was denied, the cases of *Thorogood* v. *Bryan* and *Armstrong* v. *Railway Co.* have been overruled in the English court of appeal in the case of *The Bernina*, 12 Prob. Div. 58. In delivering his judgment, after an extended review of the English and American cases, Lord *Esher*, M. R., said,—" After having thus laboriously inquired into the matter, and having considered the case of *Thorogood* v. *Bryan*, 8 C. B. 115, we cannot see any principle on which it can be supported, and we think that with the exception of the weighty observation of Lord *Bramwell*, though that does not seem to be a final view, the preponderance of judicial and professional opinion in England is against it, and that the weight of judicial opinion in America is also against it. We are of opinion that the proposition maintained in it is essentially unjust, and inconsistent with other recognized propositions of law. As to the propriety of dealing with it at this time in a court of appeals, it is a case which from the time of its publication has been constantly criticised. No one can have gone into, or have abstained from going into, an omnibus, railroad, or ship, on the faith of the decision. We therefore think that now that the question is for the first time before an English court of appeal, the case of *Thorogood* v. *Bryan*, 8 C. B. 115, must be overruled." *Lindley*, J., said,—" The doctrine of identification laid down in *Thorogood* v. *Bryan*, 8 C. B. 115, is to me quite unintelligible. It is in truth a fictitious extension of the principles of agency; but to say that the driver of a public conveyance is the agent of the passengers is to say that which is not true in fact. Such a doctrine, if made the basis of further reasoning, leads to results which are wholly untenable, *e. g.*, to the result that the passengers would be liable for the negligence of the person driving them, which is obviously absurd, but which of course the court never meant. All the court meant to say was that for purposes of suing for negligence the passenger was in no better position than the man driving him. But why not? The driver of a public vehicle is not selected by the passenger otherwise than by being hailed by him, as one of the public, to take him up; and such selection, if selection it can be called, does not create the relation of principal and agent or master and servant between the passenger and the driver; the passenger knows nothing of the driver and has no

control over him, nor is the driver in any proper sense employed by the passenger." *Lopes*, J., said,—"What is meant by the passenger being 'identified with the carriage' or 'with the person having its management' I am at a loss to understand. In *Armstrong* v. *Lancashire & Yorkshire Ry. Co.*, Law Rep. 10 Exch. 47, *Pollock*, B., said he understood it to mean 'that the plaintiff, for the purposes of the action, must be taken to be in the same position as the owner of the omnibus or his driver.' If that is the true explanation, then the passenger, who is blameless, is to be in the same position as the driver, who committed a wrongful act, or his master, who is responsible for the negligence of his servant. This is in accordance neither with good sense nor justice. . . . The more the decision in *Thorogood* v. *Bryan*, 8 C. B. 115, is examined, the more anomalous and indefensible that decision appears. The theory of the identification of the passengers with the negligent driver or owner is, in my opinion, a fallacy and a fiction, contrary to sound law, and opposed to every principle of justice. A passenger in an omnibus, whose injury is caused by the joint negligence of that omnibus and another, may in my opinion maintain an action, either against the owner of the omnibus in which he was carried, or the other omnibus, or both. I am clearly of opinion that *Thorogood* v. *Bryan*, 8 C. B. 115, should be overruled." 57 Am. Rep. 483, 494, 507, 508, 510, 511.