SIMPSON *v.* PERE MARQUETTE RAILWAY CO.

1. RAILROADS—BLOCKING HIGHWAYS—FIVE MINUTE RULE—AUTOMOBILES—NEGLIGENCE.

Purpose of rule that railroad cars or trains should not be permitted to obstruct any public street or highway for more than five minutes at any one time is to prevent blocking the highway and has no applicability to alleged negligence in action brought by passenger in automobile which collided with standing gondola car (2 Comp. Laws 1929, § 11190).

2. SAME—AUTOMOBILES—MINORS—STATUTES—NEGLIGENCE—PROXI-
    MATE CAUSE.

   In action by minor passenger, injured when automobile in which
      she was riding collided at night with gondola car, standing
      across highway in violation of five-minute rule against obstruc-
      tion of highways, railroad company *held*, as a matter of law,
      not guilty of negligence proximately causing the accident
      (2 Comp. Laws 1929, § 11190).

Appeal from Superior Court of Grand Rapids;
Taylor (Thaddeus B.), J. Submitted June 11, 1936.
(Docket No. 78, Calendar No. 39,024.) Decided
September 2, 1936.

Case by Eileen Simpson against Pere Marquette
Railway Company for damages for personal in-
juries sustained in a collision between an automobile
and a railroad car. Verdict and judgment for plain-
tiff. Defendant appeals. Reversed without a new
trial.

*Linsey, Shivel, Phelps & Vander Wal,* for plain-
tiff.

*John C. Shields* and *W. K. Williams* (*Smith, Searl
& Strawhecker,* of counsel), for defendant.

WIEST, J. Lucille Herold owned a model A Ford
roadster with rumble seat. Saturday afternoon,
November 25, 1933, she took four girls, including
plaintiff, for a ride in Ann Arbor and a trip to De-
troit. On the return to Ann Arbor from Detroit
Miss Herold asked Marian Schultz, who did not
have a Michigan driver's license, to drive the car
and, while she was driving, there was a collision
with a gondola car of defendant company, at rest
across the highway at South Lyon, and plaintiff re-
ceived serious injuries. The railroad car had stood

across the highway for more than five minutes. The collision was at night and the visibility was somewhat poor because of mist. Before reaching the railroad track the driver saw a notice of a railroad crossing ahead but heard no signal and had no warning other than by view. Plaintiff had verdict and judgment for $18,532.51. Defendant's motion for a new trial was denied. Plaintiff was near 21 years of age at the time of the accident and was 21 at the time of the trial.

The statute, 2 Comp. Laws 1929, § 11190, provides:

"Any railroad corporation, or company owning or operating a railroad in this State that shall permit its engines, cars, or trains to obstruct any public street or highway, for a longer period than five minutes at any one time, shall be liable to a penalty for each offense of twenty-five dollars. The penalties provided for each case herein, shall be recovered in an action to be brought in the name of the people of the State of Michigan by the prosecuting attorney of the proper county, in which the offense charged shall have been committed, upon the complaint of the proper authorities of any city, village, or township, or of any citizen injured or aggrieved by the violation by any railroad corporation or company, of the provisions of this act in this section contained."

Does this statute apply to the accident in suit? Was violation of that statute the proximate cause of the accident? Did the statute impose a duty and consequent liability in case the five-minute rule was not observed?

The purpose of the five-minute rule is to prevent blocking the highway and has no applicability to the alleged negligence in this case.

The driver of the auto says she saw the disc sign of the railroad crossing about 500 feet from the track, slowed down to 10 miles an hour and looked ahead to see if there was any train, saw a black streak with lights from the village above and below it and did not see the car. The car was the black streak across the highway.

Plaintiff evades the rule of imputed negligence of the driver because she was a minor at the time of the accident. Plaintiff claims there was no bell ringing or flagman or warning.

The train had pulled in at South Lyon and the gondola and other cars were left while the engine was engaged in switching operations and, at the time of the accident, the train had been coupled up again and the conductor was on his way to the rear ready to signal for it to start.

The position of the railroad car across the highway for more than five minutes was not the proximate cause of the collision in the sense of want of duty of the defendant toward plaintiff. The proximate cause of the accident was the negligence of the driver of the automobile who, with knowledge that she was approaching a railroad crossing, did not observe the obvious fact that a railroad car was across the highway.

Plaintiff can have no recovery against defendant without establishing the fact that it was guilty of negligence which was the proximate cause of the accident. Plaintiff's age may release her from the rule of imputed negligence of the driver and consequent contributory negligence, but all this is of no moment for there was no actionable negligence on the part of defendant.

In *Gage* v. *Railroad Co.*, 77 N. H. 289 (90 Atl. 855, L. R. A. 1915 A, 363), the plaintiff was riding

in an automobile and—"shortly after midnight, at
a crossing north of Tilton, the automobile collided
with the fourteenth car of a slowly moving freight
train of the defendant. There were no gates, lights,
or crossing tender at the crossing. There was evi-
dence that it was a dark night and somewhat foggy,
which prevented the chauffeur from discovering the
train upon the crossing until he was within about
35 feet of it. He testified that he was then going
about 14 miles per hour and that when running at
that rate he could bring his machine to a stop in
about 27 feet; but for some reason he was not able
to do so at the time of the collision."

The court stated:

"What duty did the defendant owe to the plain-
tiffs at the time of the collision which it failed to
observe, and the breach of which was the proximate
cause of the injuries they suffered? The burden was
on them to prove that the defendant was negligent
in its management of the train at the crossing and
that its negligence in that respect was a proximate
cause of the collision. At the trial the plaintiffs'
contention was that the defendant's negligence could
be found from its omission to provide gates with
lights at the crossing, or in not having at that place
a crossing tender to warn travelers that the crossing
was occupied by the train. There is no contention
that these precautions would be necessary in the
daytime, or at any time when the occupation of the
crossing by one or more cars would be visible to a
traveler in time to allow him to stop before reach-
ing the crossing. When cars are upon a crossing
under such circumstances, the fact that they are
there is a sufficient warning to the traveler upon the
highway that he cannot occupy the crossing at the
same time. No other signals or warnings are nec-
essary or required in the absence of a statute im-

posing such a duty upon the railroad. As there is no statute or municipal regulation requiring the defendant to provide lights at this crossing the mere fact that there were none on the night of the accident does not prove the negligence of the defendant. * * *

"The question whether, if the collision was due to the combined negligence of the defendant and the chauffeur whom the plaintiffs employed to transport them from Laconia to Franklin, the negligence of the latter could be imputed to the plaintiffs and precludes their recovery in this action (*Noyes* v. *Boscawen*, 64 N. H. 361 [10 Atl. 690, 10 Am. St. Rep. 410]) need not be considered; for if, under the circumstances, it cannot be found that the defendant was guilty of any breach of duty to the plaintiffs, it cannot be held responsible for their injuries."

In *Gilman* v. *Railway Co.*, 93 Vt. 340 (107 Atl. 122, 16 A. L. R. 1102), it was said:

"The accident out of which this action arose is unique in the annals of highway crossing accidents in this State. The action is for damage to plaintiff's automobile occasioned by running into a freight train that was standing at a grade crossing on Church street in the village of Bethel on the line of defendant's railroad. The accident occurred about 2:45 a. m., August 30, 1917. Church street crosses the railroad nearly at right angles, the railroad at that point running substantially north and south. * * * There was a controversy as to the length of time the train occupied the crossing, the defendant's evidence tending to show that it halted only a matter of seconds while the switch was being thrown, and the plaintiff claiming that there were circumstances tending to show that it had been there more than five minutes. * * *

"His (plaintiff's) evidence tended to show that neither he nor the other occupants of the car saw

or heard any train on the track that night after leaving Randolph until they reached the crossing, and that they had good opportunity both to see and hear. The night was rainy and misty, and the automobile top and wind shield were up.   *   *   *

"Holding, as we do, that the defendant's duty to the plaintiff was that owed to a traveler upon the highway, we pass to the inquiry whether there was evidence for the jury on the question of defendant's negligence. Plaintiff's claim at the trial was that the defendant was negligent in failing to station a man with a lantern at the crossing to give warning that it was obstructed by the train. As to the controversy concerning the length of time that the crossing had been obstructed it is enough to say that it is wholly immaterial whether the train had been standing there more than five minutes, or whether it had merely paused for a few seconds. Concededly it was moving, or on the point of moving, at the time the plaintiff ran into it. If the defendant had occupied the crossing more than five minutes in violation of the statute (G. L. § 5177), it was not, in the circumstances, evidence of negligence, for it was only a condition and not the proximate cause of the accident. Assuming that the train had occupied the crossing for an unlawful length of time, plaintiff was not injured thereby. Nor, in the circumstances, was the length of time material in any view of the matter."

In *Orton* v. *Railroad Co.* (C. C. A.), 7 Fed. (2d) 36, an automobile in which plaintiff was riding came into collision with gondola cars of the railroad company standing across a public highway. The collision occurred in the night time. The court stated:

"There is a statute in Ohio (Gen. Code, § 7472) making it a misdemeanor for a railroad company unnecessarily to obstruct a public highway by permitting cars or locomotives to remain across it for

more than five minutes. Another statute of the
State (Act May 14, 1921 [109 Ohio Laws, p. 219])
provides 'whenever there is not sufficient light with-
in the limits of the traveled portion of the highway
to make all vehicles, persons, or substantial objects
clearly visible within a distance of at least 200 feet,
the forward lights which a motor vehicle, except
commercial vehicles, as hereinafter provided, is re-
quired to display, shall, when the motor vehicle is
in motion, throw sufficient light ahead to show any
person, vehicle or substantial object upon the road-
way straight ahead of the motor vehicle for a
distance of at least 200 feet.' * * *

"On the other hand, defendant had the right to
occupy the crossing for its legitimate purposes, and
while so occupying it was not required to maintain
lights on its cars. *Evans* v. *Railroad Co.*, 129 C. C.
A. 375 (213 Fed. 129). There is nothing in the evi-
dence to show that it was unnecessarily using it.
But, if the statute may be said to limit the right of
occupancy by necessity and for legitimate purposes
to five minutes, it would nevertheless seem obvious
that the additional use, even if negligent, was an in-
cident and not a concurring proximate cause of the
accident. * * *

"That the collision would not have occurred had
the cars not been permitted to remain across the
highway is beside the question of causal connection.
*Lang* v. *Railroad Co.*, 255 U. S. 455 (41 Sup. Ct.
381); *McCalmont* v. *Railroad Co.* (C. C. A.), 283
Fed. 736. The most that can be said for plaintiff is
that defendant created a situation in which Inman's
negligence operated to bring about the collision,
which would have been true if the train had occupied
the crossing only while passing over it. Defend-
ant's act was merely a condition and in no sense a
concurring proximate cause of the injury."

In *Hendley* v. *Railway Co.*, 198 Wis. 569 (225 N.
W. 205)—

"Plaintiff, by guardian *ad litem,* brought this action * * * to recover for personal injuries * * * sustained by a collision between the automobile in which he was riding with defendant's freight train then standing on a highway crossing in the village of Dousman, Waukesha county."

The court stated:

"We are satisfied that the demurrer by the railroad company to this complaint on the ground that the complaint did not state facts sufficient to constitute a cause of action as against such defendant was properly sustained.

"Reliance is placed by appellant upon sec. 343.487, Stats., found in the chapter regulating offenses against property, and making it unlawful to stop railroad trains upon a highway crossing outside of cities for longer than ten minutes except in cases of accident, and where the penalty is a fine or imprisonment of the employee only in charge of such train or responsible therefor.

"We see no causal connection between the alleged violation of this provision and the injury to the plaintiff upon which could be predicated a liability of the defendant railroad company. It is clear that it was not because of the standing of the train the extra five minutes beyond the statutory ten minutes that could make the railroad company responsible. The same result would have followed had this crossing been approached by plaintiff seven minutes earlier. The lapse of time therefore went no further than to create the condition in which the accident occurred as distinguished from the cause thereof. * * *

"In the case of *Depouw* v. *Railway Co.,* 154 Wis. 610 (143 N. W. 654), the defendant was held subject to liability where a team was driven into such a standing freight train, but it is clearly not applicable to such a situation as was here presented,

as is pointed out in the *Worden Case, supra.* (*Worden* v. *Railway Co.*, 180 Wis. 551 [193 N. W. 356]). "It is unnecessary, therefore, to consider the possible contributory negligence of the plaintiff, or any other questions, since we are satisfied there is no negligence of defendant alleged."

Plaintiff made no case and the judgment is reversed without a new trial, and with costs to defendant.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., did not sit.