OHIO PUBLIC SER. CO. v. ALEXANDER, Exrx.

Ohio Appeals, 7th Dist., Trumbull Co.

No. 502. Decided Apr. 9, 1928.

Richards, J., of the 6th Dist., sitting in place of Pollack, J.

### First Publication of This Opinion.

### Syllabus by Editorial Staff.

829. NEGLIGENCE—1053. Roads and Highways.

Duty of company having steel tower located in public street, used for supporting high tension wires, to use care, commensurate with danger, in order to prevent injury resulting to persons who should come in contact with tower. Under such circumstances, ordinary rule that owner owes no duty to trespasser, except to refrain from doing him wilful wrong, can have no application.

480. EVIDENCE.

In action, by executrix, for damages for death of decedent who met his death by climbing tower used to support high tension wires, evidence tending to show what induced decedent to climb tower held unimportant.

1265. WEIGHT OF EVIDENCE.

In action by executrix to recover damages for wrongful death of decedent, who met his death by climbing

tower used to support high tension wires, evidence that decedent, who was 68 years of age, had been warned, by representative of company, of danger of climbing tower, and all other facts bearing on question of his care or lack of it, should be considered by jury in determining whether he was guilty of contributory negligence. Verdict and judgment in this case held against weight of evidence.

Error to Common Pleas.
Judgment reversed.

Fillius & Fillius, Robert Day and Paul Frum, Warren, for Service Co.

Warren Thomas and C. E. Stephens, Warren, for Alexander.

FULL TEXT.

RICHARDS, J.

The original action was brought against TWO—536 LaW AB CO    DH 19 The Ohio Public Service Company for the purpose of recovering damages resulting from the claimed negligence of that company in causing the death of Charles W. Alexander. The trial resulted in a verdict and judgment against the company and this proceeding in error is brought to secure a reversal of the judgment.

Charles W. Alexander was a crossing watchman in the City of Warren, employed by The Erie Railroad Company, and lost his life on December 12, 1924, while climbing a steel tower belonging to The Ohio Public Service Company. The bill of exceptions discloses that The Ohio Public Service Company is engaged in the business of furnishing electric power and light in the City of Warren and that about the year 1923 it erected a steel tower between the curb and the sidewalk on North Park Avenue in that city. This tower is approximately three by five feet at the base and tapers to about eighteen inches square at the top, which is some sixty feet above the street. The tower is used for the purpose of supporting high tension wires, some of which, strung on cross-arms near the top, carry 22,000 volts or more, of electricity.

The evidence discloses that tie rods or crossbars forming a sort of lattice work extend along the sides of the tower and are continued nearly to the ground. This tower was erected in a populous part of the city and it is claimed that the company had placed no barricade around the base to prevent people from approaching it, and had not erected nor maintained any notice warning the public of danger.

On December 12, 1924, Alexander, for some purpose of his own, undertook to climb the tower, and when he reached a point nearly to the top received a current of electricity from the high tension wires, which resulted in his death.

Numerous assignments of error are made which it is claimed require a reversal of the judgment. From the view which the court takes of this case it is not deemed necessary to separately discuss all of these claimed errors.

The Ohio Public Service Company was engaged in transmitting electricity over high tension wires and necessarily used instrumentalities of a highly dangerous nature. The duty of the company having a steel tower located in a public street and used for supporting high tension wires, was to use care commensurate with the danger, in order to prevent injury resulting to persons who should come in contact with the tower. Under such circumstances the ordinary rule that an owner owes no duty to a trespasser except to refrain from doing him a wilfull wrong can have no application.

We are in accord with the principle thus stated in Klingensmith, et al. v. The Scioto Valley Traction Co., 18 Ohio App., 290. The duty of the company under such circumstances is well stated in the following language in that case:

"It is our conviction, under the authorities, and with a proper regard for the rights of the public, that it was the duty of the traction company to adopt some means to prevent people from going upon the tower, or at least to place appropriate warnings thereon so that persons attracted thereto by curiosity would have some understanding of the dangers which would surround them if they attempted to go upon such structure."

Much controversy arose during the trial of the case relating to the right of the plaintiff below to introduce evidence tending to show what induced Alexander to climb the tower. It is contended that he was climbing the tower for the purpose of ascertaining whether the city fire department, which was answering an alarm, was proceeding to his own residence. We do not regard his purpose as important. His climbing the tower was certainly not in the performance of any duty resting upon him, for he was simply a watchman employed by The Erie Railroad Company at a nearby crossing. If he was ascending the tower for the purpose claimed, it would not lessen his duty to use care, nor would it increase the duty owing by the company to the public generally or to the deceased in particular. For these reasons we do not consider that evidence showing the purpose of the deceased in climbing the tower would serve to enlighten the court or jury as to the legal rights or duties of the parties.

It is claimed that Alexander, who was about 68 years of age, had been warned by a representative of the company of the dangers of climbing the tower. That fact, if it was a fact, and all the other acts and circumstances disclosed by the evidence bearing on the question of his care or the lack of it, should be considered by the jury in determining whether he was or was not guilty of contributory negligence in climbing the tower.

After a careful examination of the evidence the court is forced to the conclusion that the verdict and judgment are manifestly against the weight of the evidence in so far as they involve a finding that the deceased was free from contributory negligence directly resulting in his own death.

We find no other prejudicial error in the record, but for the reasons given the judgment must be reversed and the cause remanded for a new trial.

(Richards, J. of the Sixth Appellate District, sitting in place of Pollock, J., of the Seventh Appellate District.)

(Farr and Roberts, JJ., concur.)