Zimmerman, J.
 

 It was held by this court in the case of
 
 Reed, Admr.,
 
 v.
 
 Erie Rd. Co.,
 
 134 Ohio St., 31, 15 N. E. (2d), 637, that there was no liability on the part of the railroad for the death of an automobile passenger caused when the vehicle in which she was riding was driven against a moving freight train passing over a grade crossing in the open country at night.
 

 We remarked in the opinion that, under the circumstances disclosed, “the appellee was not obliged to provide other means of warning than those prescribed by lawful authority. No legal duty rested on it to carry lights or reflectors on its cars, or to maintain lights, watchmen or gates at the crossing for the protection of travelers using the highway.” We also had occasion to observe that the majority of holdings are to the effect that “where a railroad train is rightfully occupying its track at a highway intersection, the presence of the train is adequate notice to a traveler that the crossing is preempted. Consequently, no additional signs, signals or warnings are required of the railroad company, and negligence cannot be imputed to it by reason of their absence.” ■
 

 The following recent decisions, expressive of the modern viewpoint and representing the weight of authority, sustain the general proposition that a person who drives, or is driven into, the side of a train standing or moving over a grade crossing cannot, in
 
 *207
 
 the absence of special circumstances rendering the crossing peculiarly hazardous, recover from the railroad company for injuries received; and the existence of weather conditions tending to diminish visibility does not alter the rule. See
 
 Dolan
 
 v.
 
 Bremner, Recr.,
 
 220 Iowa, 1143, 263 N. W., 798;
 
 Bledsoe
 
 v.
 
 Missouri, K. & T. Rd. Co.,
 
 149 Kan., 741, 90 P. (2d), 9;
 
 Chesapeake & Ohio Ry. Co.
 
 v.
 
 Switzer,
 
 275 Ky., 834, 122 S. W. (2d), 967;
 
 Toledo Terminal Rd. Co.
 
 v.
 
 Hughes,
 
 115 Ohio St., 562, 154 N. E., 916;
 
 Reines, Admx.,
 
 v.
 
 Chicago, M., St. P. & P. Rd. Co.,
 
 195 Wash., 146, 80 P. (2d), 406, and the numerous cases cited therein.
 

 It is conceivable that a public railroad crossing might possess such features of inherent danger or be so dangerous at a particular time as to require a railroad company in the exercise of ordinary care to take appropriate measures to protect highway travelers from colliding with a train standing on the crossing, but, under the authorities cited, no such case is here presented.
 

 In the pending case, there is an element not present in the
 
 Reed case, supra, vis.,
 
 an alleged violation of Section 7472, General Code, which section reads as follows.:
 

 “ A person or corporation, or a conductor of a train of railroad cars, or other agent or servant of a railroad company, who obstructs, unnecessarily, a public road or highway authorized by any law of this state, by permitting a railroad car or locomotive to remain upon or across it for longer than five minutes, or permits timber, lumber, wood, or other obstructions to remain upon or across it to the hindrance or inconvenience of travelers, or a person passing along or upon such road or highway, shall forfeit and pay for each offense, not less than two dollars, nor more than twenty dollars. ’ ’
 

 Appellant maintains a violation of this section is negligence
 
 per se,
 
 and that in the instant case its
 
 *208
 
 claimed violation was a proximate cause of the collision and ensuing injuries.
 

 Statutes almost identical in language with present Sections 7472 and 7473, General Code, have existed in Ohio since 1853. In relation to railroads, the expressed object is to penalize railroad employees for permitting a railroad car or locomotive to obstruct a' highway, unnecessarily, for longer than five minutes to the hindrance or inconvenience of travelers. ' The underlying purpose is to facilitate the movement of traffic on highways and to discourage unnecessary blockades, causing congestion and delay. Damages directly attributable thereto may be recovered. See
 
 Cleveland, C., C. & St. L. Ry. Co.
 
 v.
 
 Tauer,
 
 176 Ind., 621, 96 N. E., 758, 39 L. R. A. (N. S.), 20;
 
 Patterson
 
 v.
 
 Detroit, L. & N. Rd. Co.,
 
 56 Mich., 172, 22 N. W., 260;
 
 Terry
 
 v.
 
 New Orleans, G. N. Rd. Co.,
 
 103 Miss., 679, 60 So., 729, 44 L. R. A. (N. S.), 1069. It takes a far stretch of the imagination to say that the statute was designed or intended as a safety measure to prevent a motor vehicle from being run against the side of a train necessarily occupying its track. See
 
 Pennsylvania Rd. Co.
 
 v.
 
 Huss,
 
 96 Ind. App., 71, 180 N. E., 919;
 
 Jones
 
 v.
 
 Atchison, T. & S. F. Ry. Co.,
 
 129 Kan., 314, 282 P., 593;
 
 Simpson
 
 v.
 
 Pere Marquette Ry. Co.,
 
 276 Mich., 653, 268 N. W., 769;
 
 Killen
 
 v.
 
 New York Cent. Rd. Co.,
 
 225 App. Div., 8, 232 N. Y. Supp., 76.
 

 In a situation where a motor vehicle is driven into a train which has occupied a crossing for a period of time in excess of the limit prescribed by statute or ordinance, a majority of the courts take the position that such occupancy is merely a condition, and not a cause of the collision. See
 
 Orton
 
 v.
 
 Pennsylvania Rd.
 
 Co. (6 C. C. A.), 7 F. (2d), 36, involving Section 7472, General Code;
 
 Simpson
 
 v.
 
 Pere Marquette Ry. Co., supra; Webb
 
 v.
 
 Oregon-Wash. Rd. & Nav. Co.,
 
 195 Wash., 155, 80 P. (2d), 409;
 
 Hendley
 
 v.
 
 Chicago & N. W. Ry. Co.,
 
 198 Wis., 569, 225 N. W., 205. Compare
 
 *209
 

 Pittsburgh, C. & St. L. Ry. Co.
 
 v.
 
 Staley,
 
 41 Ohio St., 118, 52 Am. Rep., 74.
 

 It is pointed out iu these eases that the collision cannot be ascribed to the excessive time the train has stood on the crossing, because the same result would have followed had the colliding vehicle reached the crossing at any time the train was there.
 

 There is authority to the contrary. See the collection of eases in
 
 Reines, Admx.,
 
 v.
 
 Chicago, M., St. P. & P. Rd. Co., supra,
 
 and also 99 A. L. R., annotation at page 1460.
 

 Of course, to create liability in a tort action of this character, there must be (1) negligence, and (2) such negligence must be a proximate cause of the result of which complaint is made.
 

 Conceding the obstruction of a highway by-a railroad train in violation of Section 7472, G-eneral Codej would constitute negligence under certain circumstances, one relying on such violation to support an action would have to allege and prove not only that the highway had been obstructed for more than five minutes, but unnecessarily so. The statute so provides. See
 
 Trustees of Burton Twp.
 
 v.
 
 Tuttle,
 
 30 Ohio St., 62, 66;
 
 L. E. & W. Rd. Co.
 
 v.
 
 Mackey,
 
 53 Ohio St., 370, 381, 41 N. E., 980, 981, 29 L. R. A., 757, 760, 53 Am. St. Rep., 641, 644.
 

 In the present case the appellant introduced the testimony of two witnesses as to the length of time the train remained at the crossing. Edward L. Austin, who conducted a general store and pool room within a hundred feet or so, estimated the train stopped for about twenty minutes while the switching was going on; and Lena Austin, his sister-in-law, who was also in the store, estimated the time at from twenty minutes to half an hour. Mr. Austin said he heard the switching movements, and Mrs. Austin stated she both saw and heard them.
 

 On the other hand, railroad employees who were
 
 *210
 
 members of the train crew, placed the whole time of stoppage at no more than five or six minutes. They further testified in effect that halting the train at the crossing to pick up the car' on the siding was the most convenient and expeditious mode of procedure; otherwise an awkward plan would have had to be adopted, whereby the locomotive would have been required to move back and forth over the crossing to complete the assigned task.
 

 Undoubtedly the train had a right to occupy the crossing for legitimate business purposes, and was placed in the position best adapted to accomplish the work to be performed in conformity with standard railroad practice. Nothing beyond conjecture exists to sustain a contention that the crossing was blocked for a period longer than was essential to complete the switching operation, and, as has been observed, an unnecessary obstruction beyond five minutes must be shown before there is any violation of the statute. In connection with this phase of the discussion, particular attention is directed to the recent case of
 
 Thomson
 
 v.
 
 Stevens, Trustee
 
 (8 C. C. A.), 106 F. (2d), 739.
 

 Upon a close examination of the record herein, with due regard for Section 6310-1, General Code, as to the strength of lights required on passenger automobiles, and Section 12603, General Code, providing that a motor vehicle shall not be operated at a greater speed than will permit the driver to stop within the assured clear distance ahead, the conclusion is inescapable that, as a matter of law, Roberts, the driver, was negligent and such negligence was
 
 the
 
 proximate cause of appellant’s injuries.
 

 No error appearing in the judgment of the Court of Appeals, such judgment must be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias and Hart, JJ., concur.
 

 Day, Williams and Myers, JJ., dissent.