THOMPSON, APPELLANT, v. MOORE, TRUSTEE, ET AL.,. APPELLEES.

(No. 340—Decided August 10, 1943.)

*Mr. J. K. Rockey, Mr. E. A. Harper* and *Mr. Okey Van Dyne,* for appellant.
*Mr. C. W. Long,* for appellees.

BY THE COURT. This cause is submitted upon motion to dismiss the appeal on questions of law and fact and to retain the appeal as upon questions of law.

The appeal is from a judgment of the Court of Common Pleas of Hardin county, Ohio, in an action wherein Raymond Thompson, the appellant, was plaintiff, and the appellees Charles B. Moore, trustee of the estate of Louella Patterson, deceased, Oscar M. Abt, Gladys M. Pepple, Agnes Bodkin, Norma Ann Kerry and Charlene Sly Kerry were defendants, sustaining a general demurrer of the defendants Gladys M Pepple, Agnes Bodkin, Norma Ann Kerry and Charlene Sly Kerry to plaintiff's second amended petition and, upon plaintiff not desiring to further plead, dismissing the same at plaintiff's costs.

The cause was heretofore submitted to this court upon motion of the defendants Gladys M. Pepple, Agnes Bodkin, Norma Ann Kerry and Charlene Sly Kerry

to dismiss the appeal upon the ground that the cause is not a chancery case and therefore not appealable.

Upon this earlier submission the court determined, to which determination it still adheres, that the cause is a chancery case, and overruled the motion to dismiss.

Subsequent to the overruling of the motion to dismiss, the plaintiff filed his application for leave to file his third amended petition herein, which this court, following its unexceptional practice both.prior to and following the adoption of the amendments to the Constitution of Ohio in 1912, granted, being of the opinion that:

1. The word "trial" as used in Section 6, of Article IV of the Constitution .of Ohio, as amended in 1912, conferring upon the Courts of Appeals "appellate jurisdiction in the trial of chancery cases" is used with the meaning, which had long been established both by judicial decisions and statutory enactment at the time of the adoption of the constitutional provision mentioned, that it constituted "a judicial examination of the issues, whether of law or of fact, in an action or proceeding" (Section 11376, General Code, Section 5127, Revised Statutes).

2. A judgment sustaining a demurrer to and dismissing a petition in a chancery case is of such character that an appeal upon questions of law and fact may be taken from it to the Court of Appeals, and that such appeal stands for trial *de novo* in the Court of Appeals. *Rush* v. *Rush*, 29 Ohio St., 440; *Cleveland Trust Co.* v. *Brown*, 17 C. C. (N. S.), 304, 32 C. D., 161; *Pioneer Mutual Casualty Co.* v. *Pennsylvania Greyhound Lines*, 68 Ohio App., 139, 152, 37 N. E. (2d), 412.

3. The appeal itself vacates, without revisal, the whole proceeding as to findings of fact as well as law, and the case is heard upon the same or other pleadings, and upon such competent testimony as may be offered

in that court. It takes up the subject of the action *de novo,* in respect to pleadings, necessary parties, trial and judgment, in like manner as if the cause had never been tried below. *Mason* v. *Alexander,* 44 Ohio St., 318, 328, 7 N. E., 435; *Grant* v. *Ludlow's Admr.,* 8 Ohio St., 1; *Pioneer Mutual Casualty Co.* v. *Pennsylvania Greyhound Lines, supra*; 2 Ohio Jurisprudence, 652, 653, 654, 655, Sections 600, 602, 603, 604.

The plaintiff, pursuant to such leave, filed his third amended petition herein.

Within a few days after the filing of such amended petition, the decision of the Supreme Court of Ohio, in the case of *LeMaistre, Admr.,* v. *Clark,* 142 Ohio St., 1, was reported in the Ohio Bar Association Report of July 5, 1943, in which it is held that the appellate jurisdiction conferred upon the Courts of Appeals in the trial of chancery cases, by Section 6 of Article IV of the Constitution of Ohio, does not authorize such courts to conduct a trial on issues of fact unless such a trial has been had in a court of first instance, and that it is not error for the Court of Appeals to dismiss an appeal on questions of law and fact and retain the appeal as upon questions of law when only a question of law has been decided by the court of first instance.

The motion of defendants which has been submitted to and is now under consideration by the court, is predicated upon this decision of the Supreme Court of Ohio.

The Courts of Appeals of Ohio are conclusively bound by the decisions of the Supreme Court of Ohio.

It is immaterial whether the reasoning advanced in support of the decision is well- or ill-founded. When the Supreme Court of Ohio lays down the rules of law, such rules of law are binding upon the Courts of Appeals of Ohio. This court, of necessity, is and must be guided by adjudications of the court of last resort in

Ohio. 11 Ohio Jurisprudence, 778, Section 131; *University Club. Co.* v. *McBride, Treas.,* 25 Ohio App., 380, 158 N. E., 9; *Hartford Fire Ins. Co.* v. *Cincinnati Ice Mfg. & Cold Storage Co.,* 9 Ohio App., 403, 410; *Erie Rd. Co.* v. *Kohler,* 26 C. C. (N. S.), 337, 344, 30 C. D., 111.

As the judgment from which this appeal was taken was rendered by the lower court upon demurrer to the second amended petition, the trial in such court. was not upon issues of fact and, not having been upon issues of fact, this court, under the decision mentioned, did not have jurisdiction of such appeal as an appeal upon questions of law and fact for trial *de novo*; and, not having such jurisdiction, was without authority to permit the amendment of the petition, or to make the orders, heretofore made herein, determining that the case is a chancery case which is subject to trial *de novo* in this court, and granting leave to plaintiff to file his third amended petition herein, the jurisdiction of this court being limited to the retention and hearing of the appeal as an appeal upon questions of law.

This being the case, the motion of defendants to dismiss the appeal on questions of law and fact and to retain the appeal upon questions of law only, is granted; and it is further ordered that the decisions heretofore made herein determining that such appeal stand as an appeal upon questions of law and fact, and granting leave to plaintiff to file his third amended petition herein be vacated and that the entries thereof be expunged from the journal of the court and the third amended petition be stricken from the files.

*Judgment accordingly.*

GUERNSEY, P. J., JACKSON and MIDDLETON, JJ., concur.