BROOKS, A MINOR, APPELLEE, *v.* NORFOLK & WESTERN
RAILWAY COMPANY, APPELLANT, ET AL.

[Cite as Brooks v. Norfolk & Western Ry. Co.
(1976), 45 Ohio St. 2d 34.]

(No. 75-236—Decided January 14, 1976.)

36

*Mr Salvatore P. Jeffries*, for appellee.
*Messrs. Arter & Hadden* and *Mr. Hugh M. Stanley, Jr.*, for appellant.

CORRIGAN, J. The sole item in controversy in this appeal is whether the record before us is supportive of the submission to a jury of the issue of wanton misconduct on the part of Norfolk & Western Railway.

If the record provides no basis for a finding of wanton misconduct, the trial court should have granted the motion for a directed verdict by defendant Norfolk & Western. Absent such action by the trial judge on such a record, the Court of Appeals should have entered final judgment for this defendant.

The Court of Appeals correctly concluded that the plaintiff was a trespasser as a matter of law. This being the status of plaintiff at the time of the accident, recovery could only be had against Norfolk & Western if the record reflected wanton misconduct on its part in connection with the accident. The Court of Appeals found that "[t]he record shows that the issue of whether the defendant was guilty of willful and wanton misconduct or not was a question of fact for the jury." This finding, as demonstrated by the court's opinion, is erroneous in two respects: (1) there is no allegation of willful misconduct in

the amended complaint, and (2) the record is not supportive of wanton misconduct on the part of the railway company.

Justice William B. Brown, for this court majority in *Bailey* v. *Brown* (1973), 34 Ohio St. 2d 62, defines "wanton misconduct." Paragraph two of the syllabus thereof states:

" 'Wanton misconduct' is such conduct as manifests a disposition to perversity, and it must be under such surrounding circumstances and existing conditions that the party doing the act or failing to act must be conscious, from his knowledge of such surrounding circumstances and existing conditions, that his conduct will in all common probability result in injury."

Similarly, this court, in paragraph two of the syllabus in *Roszman* v. *Sammett* (1971), 26 Ohio St. 2d 94, decided that:

"To constitute wanton misconduct justifying recovery, the conduct of the tort-feasor must be more than negligent: it must be such conduct with knowledge of a dangerous situation liable to cause injury to others, as manifests a heedless disregard for or indifference to the rights of others or for the consequences, *i. e.*, such conduct as manifests a disposition to perversity."

The record before us establishes that at the time plaintiff hopped the moving freight car, Norfolk & Western was operating its train in a lawful manner. The record is devoid of any evidence of excessive speed or speed too slow for the circumstances. It is likewise silent as to whether members of the train crew were aware of the presence of the trespassing plaintiff before, at the time of, or after the accident; or whether any of the train crew members were in a position to see, had they looked, the plaintiff's position as a trespasser at a time when steps could have been taken to avoid the accident. Finally, there is no evidence in the record, direct or inferential, under the *Bailey* v. *Brown, supra,* test, which indicates that Norfolk & Western knew that the operation of its freight train in Canton on its right-of-way on August 28, 1969, would, in

all common probability, result in injury to anyone.

The record does show clearly that Norfolk & Western did nothing to prevent trespassing on its right-of-way. However, failure to prevent trespass is not negligence in Ohio. *Morgenstern* v. *Austin* (1959), 170 Ohio St. 113. Too, for many years it has been the law of Ohio that the failure of a railroad to fence its right-of-way against trespassers is not negligence for the reason that there is no duty to do so by statute or at common law. *Lake Shore & Michigan So. Ry. Co.* v. *Liidtke* (1904), 69 Ohio St. 384. There is no duty on the railroad to provide watchmen or other personnel to prevent trespass. See *Scibelli* v. *Pennsylvania R. R. Co.* (1954), 379 Pa. 282, 108 A. 2d 348; *Kline* v. *New York, New Haven & Hartford R. R. Co.* (1970), 160 Conn. 187, 276 A. 2d 890.

It is our determination, and we so hold, that for the reasons stated heretofore, the failure of Norfolk & Western Railway to prevent trespass in the cause before us does not constitute wanton misconduct, nor even negligence. Further, it is our determination, and we so hold, that there is absolutely no other evidence in the record supportive of the plaintiff's allegation of wanton misconduct against Norfolk & Western Railway, and the Court of Common Pleas should have granted defendant's motion for a directed verdict at the conclusion of plaintiff's case.

Accordingly, that part of the judgment of the Court of Appeals remanding this cause to the Common Pleas Court for a new trial is reversed and final judgment entered for the defendant, Norfolk & Western Railway Company.

*Judgment reversed, and final judgment for defendant.*

O'NEILL, C. J., HERBERT, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.