PRESTON ET AL., APPELLANTS, *v.* BALTIMORE & OHIO RAILROAD COMPANY, ET AL., APPELLEES.

(No. L-87-229—Decided
June 10, 1988.)

*E. J. Leizerman,* for appellants.

*H. Frank McDaniel,* for Baltimore & Ohio RR. Co.

*David M. Schnorf,* for Toledo Terminal.

*Sam Nugent,* for city of Toledo.

*Per Curiam.* This cause is before this court on appeal from a judgment of the Lucas County Court of Common Pleas.

On May 25, 1982, appellant Richard Preston cut school after his second hour to go fishing with a friend in a nearby pond. Appellant was, at the time, sixteen years of age and in the eighth grade at Eastside Junior High School. A railroad, owned by appellee Toledo Terminal, was located in the area of the pond. A train, owned by appellee B & O Railroad Company and located on Toledo Terminal's railroad tracks, had been stationary and blocking the grade crossing at Seaman Street for what various people testified to as from twelve to twenty-five minutes. Appellant attempted to climb over this train at a point approximately six hundred twelve feet from the Seaman Street grade crossing and, while doing so, fell under the train, sustaining serious injury including loss of his left arm, leg, pelvis, testicle, and sphincter muscles. Appellant[1] filed suit against appellees railroad companies claiming negligence, attractive nuisance, and willful and wanton conduct, and against appellee city of Toledo[2] claiming duty and failure to enforce R.C. 5589.21 in violation of its statutory obligations to keep its roads open and free of nuisance. The trial court rendered summary judgment in favor of all appellees. Appellants filed a timely notice of appeal and assert the following assignments of error:

"I. The trial court erred in granting defendants railroads' motion for summary judgment because there exists an issue of material fact as to these defendants' negligence.

"II. The trial court erred in granting defendants railroads' motion for summary judgment because there exists an issue of material fact as to these defendants' willful and wanton misconduct.

"III. The trial court erred in granting defendants railroads' motion for summary judgment because there exists an issue of material fact as to whether plaintiff was a trespasser and whether his alleged violation of R.C. 499[9].02 was the sole proximate cause of the accident.

"IV. The trial court erred in granting defendants railroads' motion for summary judgment by refusing to abolish the invitee-licensee-trespasser distinction in favor of one uniform standard of care applicable to all who enter upon another's property.

"V. The trial court erred in granting defendant city of Toledo's motion for summary judgment for the reason that the city owed plaintiff a duty to enforce R.C. 5589.21.

"VI. The trial court erred in

---

[1] Appellant Richard Preston's parents, Charles Preston and Sharon Preston, also filed suit claiming loss of their son's services and companionship and are also appellants. The merit of their claim is dependent upon the success of their son's claim. Reference to appellant singularly through-out this case will signify appellant Richard Preston.

[2] The Toledo Edison Company was also sued; however, a stipulation of dismissal without prejudice was entered as to it and, therefore, Toledo Edison is not involved in this appeal.

granting defendant city of Toledo's motion for summary judgment for the reason that an issue of material fact exists with regard to the city's violation of R.C. 723.01.

"VII. The trial court erred in granting defendant city of Toledo's motion for summary judgment; whether or not the city's acts and omissions were a proximate cause of plaintiff's injuries was a question of fact."

In all of the assignments of error, appellants contend that it was error for the trial court to grant summary judgment. Summary judgment is controlled by Civ. R. 56(C), which states in pertinent part:

"* * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"

Three requirements are adduced from this rule. First, there must be no genuine issue as to any material fact; second, the moving party must be entitled to judgment as a matter of law; and third, reasonable minds must be able to come to but one conclusion, and that conclusion must be adverse to the party against whom the motion for summary judgment is made, who is en-titled to have evidence construed most strongly in his favor. *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66, 8 O.O. 3d 73, 74, 375 N.E. 2d 46, 47.

The function of summary judgment, as explained in *Norris* v. *Ohio Std. Oil Co.* (1982), 70 Ohio St. 2d 1, 2-3, 24 O.O. 3d 1, 2, 433 N.E. 2d 615, 616, is as follows:

" 'Summary judgment is a procedural device to terminate litigation and to avoid a formal trial where there is nothing to try. It must be awarded with caution, resolving doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion. * * * A successful motion for summary judgment rests on the two-part foundation that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. * * *' " (Citations omitted.)

As a reviewing court, this court, in order to determine the propriety of the trial court's grant of summary judgment, must examine the record of the appeal in a light most favorable to the party opposing the motion for summary judgment. See *Engel* v. *Corrigan* (1983), 12 Ohio App. 3d 34, 12 OBR 121, 465 N.E. 2d 932; *Williams* v. *First United Church of Christ* (1974), 37 Ohio St. 2d 150, 66 O.O. 2d 311, 309 N.E. 2d 924. Thus, we will consider each assignment of error in light of the requirements of Civ. R. 56(C).

First, we will address appellants' fourth assignment of error. Appellants contend that the distinction among invitees, licensees, and trespassers should be abolished and replaced by a uniform standard of care applicable to all who enter upon another's property and that the trial court erred in refusing to adopt this standard. This argu-

ment is without merit. The courts of Ohio, including this court of appeals, are bound by the decisions of the Supreme Court of Ohio. *Shuman* v. *Schick* (1953), 95 Ohio App. 413, 416, 53 O.O. 441, 442, 120 N.E. 2d 330, 332; *Thompson* v. *Moore* (1943), 72 Ohio App. 539, 541-542, 27 O.O. 491, 492, 53 N.E. 2d 666, 667. See, also, Rules 1 and 2 of the Supreme Court Rules for the Reporting of Opinions. As stated in *Shuman, supra,* at 416, 53 O.O. at 442, 120 N.E. 2d at 332:

"The decisions of other jurisdictions cited by appellants * * * [may be] very persuasive but when our Supreme Court has definitely established a precedent as has been done on the question presented by these facts, it would be presumptious [*sic*] for * * * [any] court [of this state] to refuse to approve or acquiesce in such decision."

The Supreme Court of Ohio has continued to distinguish among invitees, licensees, and trespassers in *McKinney* v. *Hartz & Restle Realtors, Inc.* (1987), 31 Ohio St. 2d 244, 31 OBR 449, 510 N.E. 2d 386; *Elliott* v. *Nagy* (1986), 22 Ohio St. 3d 58, 22 OBR 77, 488 N.E. 2d 853; *Brooks* v. *Norfolk & Western Ry. Co.* (1976), 45 Ohio St. 2d 34, 74 O.O. 3d 53, 340 N.E. 2d 392; and numerous other cases. Accordingly, appellants' fourth assignment of error is found not well-taken.

Appellants' first, second, and third assignments of error are interrelated and will be addressed together. Appellant Richard Preston's status as an invitee, licensee, or trespasser dictates the standard of care owed by appellees to him. Appellants assert that the issue of whether one is a trespasser must be submitted to the jury. However, the case appellants cite for that proposition is prefaced with the phrase, "* * * *Where the evidence is such as to warrant,"* and continues with the language, "it is the duty of the trial court to submit to the jury the question

as to whether the person injured on the premises of another by the claimed negligence of the owner thereof was at the time of such injury on the premises either at the express or implied invitation of the defendant, or whether he was a trespasser, or a mere licensee." (Emphasis added.) *Pennsylvania RR. Co.* v. *Vitti* (1924), 111 Ohio St. 670, 675-676, 146 N.E. 94, 95.

It is uncontroverted that appellant Richard Preston was not attempting to cross at the Seaman Street grade crossing, but rather was some six hundred twelve feet from the crossing in a wooded area, on the railroad property, and without the knowledge, invitation or acquiescence of the owners. Previously, Richard had been warned to stay away from the trains by railroad authorities. Therefore, appellant had no right to be where he was and was, thus, a trespasser. See *McKinney, supra,* at 246, 31 OBR at 450, 510 N.E. 2d at 388 ("A trespasser is one who, without express or implied authorization, invitation or inducement, enters private premises purely for his own purposes or convenience. * * *").

The standard of care owed by the property owners to an undiscovered trespasser, then, is to do nothing " '* * * other than refrain from injuring such trespassers by willful or wanton conduct.' * * *" (Citations omitted.) *Id. McKinney* proceeds to define "willful and wanton conduct":

"Willful conduct 'involves an intent, purpose or design to injure.' *Denzer* v. *Terpstra* (1934), 129 Ohio St. 1, 1 O.O. 303, 193 N.E. 647, paragraph two of the syllabus; see, also, *Reserve Trucking Co.* v. *Fairchild* (1934), 128 Ohio St. 519, 191 N.E. 745; *Motorists Mut. Ins. Co.* v. *Bill* (1978), 56 Ohio St. 2d 258, 266, 10 O.O. 3d 398, 402, 383 N.E. 2d 880, 884. Wanton conduct occurs when one 'fails to exercise any care whatsoever toward those to whom he owed a duty of care, and his

failure occurs under circumstances in which there is great probability that harm will result * * *.' *Hawkins* v. *Ivy* (1977), 50 Ohio St. 2d 114, 4 O.O. 3d 243, 363 N.E. 2d 367, syllabus; *Brooks* v. *Norfolk & Western Ry. Co., supra.*" *McKinney, supra,* at 246, 31 OBR at 451, 510 N.E. 2d at 388-389.

Appellants make much to-do that the train was stopped, blocking Seaman Street for more than five minutes in violation of R.C. 5589.21 and that the cars were not disconnected so as to clear Seaman Street. Appellants cite *L.E. & W. RR. Co.* v. *Mackey* (1895), 53 Ohio St. 370, 41 N.E. 980, and *Stratton* v. *Southern Ry. Co.* (C.A. 4, 1951), 190 F. 2d 917, which state that when a train blocks a crossing for an unreasonable amount of time, thereby hindering traffic, and a person rightfully on the street is injured while attempting to cross the train, it becomes a question of fact for the jury to determine whether or not it is negligence for the company's servants to move the train without giving timely warning of their intention to do so. However, appellants attempt to gloss over the fact that Richard was not at the Seaman Street grade crossing and had no intention of going near the Seaman grade crossing since he was skipping school and did not want to be seen. Further, he was in a wooded area and was not visible from Seaman Street. In addition, appellee B&O's train was rightfully at the point where Richard attempted to cross and would have still been rightfully at that point even if the train cars had been disconnected at Seaman Street. It cannot be said that but for the train blocking Seaman Street Richard would not have been injured. As held in *Capelle* v. *Baltimore & Ohio RR. Co.* (1940), 136 Ohio St. 203, 16 O.O. 215, 24 N.E. 2d

822, paragraph four of the syllabus, a train's occupancy of a crossing for a period of time in excess of the limit prescribed by statute or ordinance, "* * * is generally to be regarded as a condition only, and *not as a cause* of * * * [a] collision [injury]." (Emphasis added.) Thus, the fact that Seaman Street was blocked in violation of R.C. 5589.21 was not a cause in fact or a proximate cause of Richard's injuries. Moreover, the *Capelle* court held that G.C. 7472, the predecessor of R.C. 5589.21 "* * * is designed to facilitate the movement of traffic and to discourage unnecessary blockage; *it is not a safety measure * * *.*" (Emphasis added.) *Id.* at paragraph three of the syllabus. Additionally, appellee Toledo Terminal has no statutory or common-law duty to fence its right-of-way against trespassers or provide watchmen or other personnel to prevent trespass. *McKinney, supra,* at 246-247, 31 OBR at 451, 510 N.E. 2d at 389.

Appellants have not presented any evidence of willful or wanton conduct on the part of appellees railroad companies or any other evidence to show that summary judgment for the railroads was erroneous. In addition, the attractive-nuisance doctrine has not been adopted and therefore is not available in Ohio, *McKinney, supra,* at 247, 31 OBR at 451, 510 N.E. 2d at 389, and the dangerous instrumentality exception is also not applicable.[3]

Therefore, even when viewing the evidence in a light most favorable to appellants, there is no genuine issue as to any material fact and summary judgment was properly granted in favor of the railroad companies. Although appellant's injuries are indeed tragic, there is no right of recovery available to appellants. Appellants'

---

[3] *McKinney* states that "* * * a moving freight train is not a hidden danger. * * *" *Id.* at 247, 31 OBR at 452, 510 N.E. 2d at 389. Likewise, a temporarily stopped freight train is not a hidden danger. As evidenced by Richard's deposition, he anticipated that the train would move shortly.

first, second, and third assignments of error are found not well-taken.

In their fifth, sixth, and seventh assignments of error, appellants contend that it was erroneous for the trial court to render summary judgment in favor of the city of Toledo. Appellants allege that the city was negligent in failing to enforce R.C. 5589.21 and in failing to keep the Seaman Street grade crossing free and clear of nuisance, in violation of R.C. 723.01.

It having been previously determined that Richard was not at the Seaman Street crossing and that any violation of R.C. 5589.21 was not a cause in fact or a proximate cause of Richard's injuries, any failure to enforce R.C. 5589.21 on the part of the city of Toledo could not be a cause in fact or proximate cause of appellant's injuries, nor could any violation of R.C. 723.01 be a cause in fact or proximate cause of appellant's injuries.

Accordingly, appellants' fifth, sixth, and seventh assignments of error are found not well-taken.

On consideration whereof, this court finds substantial justice has been done the parties complaining, and judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

RESNICK, P.J., CONNORS and HANDWORK, JJ., concur.