This cause is before this court on appeal from a judgment of the Lucas County Court of Common Pleas.
On November 19, 1982, appellant Johnny Carswell, age ten, and a few friends were returning from another friend's home located west of Interstate 280. They walked easterly along Seaman Street, passed under the interstate viaduct, climbed up and over the railroad bypass, and crossed over the railroad tracks. They decided to take a shortcut through a privately owned vacant field. Upon this field and located 38.7 feet from Seaman Street at its nearest point was a one-hundred-thirteen-foot steel electrical transmission tower on an easement owned and maintained by appellee, Toledo Edison Company. An energized overhead transmission line was located on this tower at a height of sixty feet above the ground. Appellant climbed this tower and suffered permanent and disfiguring injuries when he came in contact with the live line.
Appellants Johnny Carswell and his parents sued appellee on theories of negligence, gross negligence, willful and wanton misconduct, and attractive nuisance.
The attractive nuisance argument was dismissed, and partial summary judgment was entered on the negligence claim. Upon reconsideration in light of intervening precedent, the summary judgment on the negligence claim was affirmed. The trial court further granted summary judgment in favor of appellee on the gross negligence and willful and wanton misconduct theories.
Appellants timely appealed these decisions and assign as error:
"1. The Trial Court erred in granting defendant Toledo Edison Company's Motion for Partial Summary Judgment as to negligence and in denying plaintiffs' Motion for Reconsideration by holding as a matter of law that defendant did not owe plaintiff a duty of ordinary care.
"A. The Court erred in not applying the public place exception.
"B. The Court should adopt Restatement (Second) of Torts, Section 339.
"C. The Court should abolish all distinctions as to a person's status upon property in favor of one uniform standard of care applicable to all.
"2. The Trial Court erred in granting defendant's Motion for Summary Judgment on the issue of willful or wanton negligence because on the facts presented reasonable minds could differ as to whether defendant's conduct amounted to willful or wanton negligence."
To determine the propriety of the trial court's entry of summary judgment, this court must examine the *Page 84 
record of the appeal in a light most favorable to the party opposing the motion for summary judgment, see Williams v. FirstUnited Church of Christ (1974), 37 Ohio St.2d 150, 66 O.O. 2d 311, 309 N.E.2d 924; Engel v. Corrigan (1983), 12 Ohio App.3d 34, 12 OBR 121, 465 N.E.2d 932; and evaluate whether the requirements of Civ. R. 56(C) were present. That is, there must be no genuine issue as to any material fact, the moving party must be entitled to judgment as a matter of law, and reasonable minds must be able to come to only one conclusion which is adverse to the party opposing the motion. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66, 8 O.O. 3d 73, 74,375 N.E.2d 46, 47.
Initially addressing Part C of appellants' first assignment of error, appellants contend that this court should abolish the distinction between invitees, licensees, and trespassers and adopt a uniform standard of care applicable to all who enter upon another's property. Appellants cite numerous other jurisdictions which have done so.
This court recently considered this argument in Preston v.Baltimore Ohio RR. Co. (1988), 49 Ohio App.3d 70,550 N.E.2d 191. Therein, we rejected this invitation to change the law, stating at 72-73, 550 N.E.2d at 194:
"* * * This argument is without merit. The courts of Ohio, including this court of appeals, are bound by the decisions of the Supreme Court of Ohio. Shuman v. Schick (1953), 95 Ohio App. 413,416, 53 O.O. 441, 442, 120 N.E.2d 330, 332; Thompson v.Moore (1943), 72 Ohio App. 539, 541-542, 27 O.O. 491, 492, 53 N.E.2d 666, 667. See, also, Rules 1 and 2 of the Supreme Court Rules for the Reporting of Opinions. As stated in Shuman, supra,
at 416, 53 O.O. at 442, 120 N.E.2d at 332:
"`The decisions of other jurisdictions cited by appellants * * * [may be] very persuasive but when our Supreme Court has definitely established a precedent as has been done on the question presented by these facts, it would be presumptious [sic] for * * * [any] court [of this state] to refuse to approve or acquiesce in such decision.'
"The Supreme Court of Ohio has continued to distinguish between invitees, licensees, and trespassers in McKinney v. Hartz Restle Realtors, Inc. (1987), 31 Ohio St.3d 244, 31 OBR 449,510 N.E.2d 386; Elliott v. Nagy (1986), 22 Ohio St.3d 58, 22 OBR 77, 488 N.E.2d 853; Brooks v. Norfolk Western Ry. Co. (1976),45 Ohio St.2d 34, 74 O.O. 2d 53, 340 N.E.2d 392; and numerous other cases. * * *"
Furthermore, appellee points out the more recent cases ofJohnson v. New London (1988), 36 Ohio St.3d 60, 521 N.E.2d 793, and Brady v. Consolidated Rail Corp. (1988), 35 Ohio St.3d 161,519 N.E.2d 387, which also make the status of the party a determinative factor. Accordingly, we do not find appellants' contention well-taken.
Similarly, in Part B of appellants' first assignment of error, appellants urge adoption by this court of the attractive nuisance theory as found in the 2 Restatement of the Law 2d, Torts (1965) 197, Section 339. The Ohio Supreme Court declined to adopt the attractive nuisance doctrine in Elliott v. Nagy (1986), 22 Ohio St.3d 58, 22 OBR 77, 488 N.E.2d 853, as appellants tacitly admit. Therefore, since we must follow the decisions of the Supreme Court of Ohio, Shuman, supra; Thompson, supra, we also decline to adopt this doctrine.
Turning to Part A of appellants' first assignment of error, appellants assert the trial court erred in not applying the public place exception and holding as a matter of law that appellee did not owe appellant a duty of ordinary care. *Page 85 
The trial court held that appellant Johnny Carswell was a trespasser upon private land and that the public place exception did not apply.
"A trespasser is one who, without express or implied authorization, invitation or inducement, enters private premises purely for his own purposes or convenience. * * *" McKinney v.Hartz Restle Realtors, Inc. (1987), 31 Ohio St.3d 244, 246, 31 OBR 449, 450, 510 N.E.2d 386, 388.
The standard of care owed by the property owners or occupiers to undiscovered trespassers is to do nothing "`* * * other than to refrain from injuring such trespassers by willful or wanton conduct.'" Id. An exception to this rule exists where a landowner maintains a dangerous instrumentality on or immediately adjacent to a public place where the instrument of harm's dangerousness is not readily apparent to children and where it is within easy reach or is susceptible to contact by inadvertent conduct. SeeMcKinney, supra, at 247-248, 31 OBR at 452,510 N.E.2d at 389-390. See, also, Wills v. Frank Hoover Supply (1986), 26 Ohio St.3d 186, 26 OBR 160, 497 N.E.2d 1118 (minor injured by ground-level oil pump located in wooded area known by landowner to be frequented by people); Coy v. Columbus, Delaware MarionElec. Co. (1932), 125 Ohio St. 283, 181 N.E. 131 (minor injured by electric shock from easily accessible high voltage transformer located within twenty-five feet of public path known by landowner to be frequently transgressed); Ziehm v. Vale (1918), 98 Ohio St. 306,120 N.E. 702 (minor injured when he climbed on automobile running board located on public road and driver put automobile in motion with knowledge that child had been on car and was still in the immediate vicinity); Greene v. Lake Shore Elec. Ry. co. (App. 1930), 10 Ohio Law Abs. 7 (minor injured when he climbed thirty or more feet up a tree located in a public park, and came in contact with an uninsulated electrical wire which was hidden by the foliage); Ohio Pub. Serv. Co. v. Alexander (App. 1928), 6 Ohio Law Abs. 337 (sixty-eight-year-old man killed when he climbed almost to the top of sixty foot steel high tension electrical wire tower located between sidewalk and curb of public street and came in contact with high tension wire. On appeal, case was reversed and remanded for jury to determine whether the man was warned and was contributorily negligent.); Klingensmith
v. Scioto Valley Traction Co. (1924), 18 Ohio App. 290 (minor injured when he climbed thirty-seven to forty-seven feet up a forty-to-fifty-foot tall steel electrical tower with ladders on each side and came in contact with electrical wire. Tower was located immediately adjacent to dead-end street known by company to be used as a playground). Where such a situation exists and harm to a person is foreseeable by the landowner, then the landowner owes a higher duty, one of ordinary care, to barricade the property and/or warn of danger.
In the case sub judice, no evidence was submitted showing that appellee, through any of its employees, knew or should have known of the presence of persons on the easement property. AccordSoles v. Ohio Edison Co. (1945), 144 Ohio St. 373, 29 O.O. 559,59 N.E.2d 138. Cf. Wills, supra; Coy, supra; Ziehm, supra;Greene, supra; Alexander, supra; Klingensmith, supra. There was no invitation or knowing acquiescence, express or implied, for appellant Johnny Carswell or anyone else to come on the property.
Further, the tower was not on or immediately adjacent to a public place, being nearly forty feet from Seaman Street. Cf.Coy, supra; Ziehm, supra; Greene, supra; Alexander, supra;Klingensmith, supra. Nor was the energized wire within easy reach or *Page 86 
susceptible to contact by inadvertent conduct, being sixty feet up in the air and in an open field without any tree foliage to hide its view. Cf. Wills, supra; Coy, supra; Ziehm, supra;Greene, supra.
Thus, even viewing the evidence in a light most favorable to appellants, both judges in the trial court properly concluded that appellant was a trespasser, appellee owed no duty to appellant, and that the public place/dangerous instrumentality exception did not apply. Accordingly, summary judgment was proper and appellants' first assignment of error is found not well-taken.
In their second assignment of error, appellants contend that the trial court erred in granting summary judgment for appellee on the issue of whether appellee's conduct amounted to willful or wanton conduct.
Because appellant was a trespasser, appellee's only duty was to refrain from willful or wanton conduct. McKinney, supra, at 246, 31 OBR at 451, 510 N.E.2d at 388-389. McKinney defines "willful and wanton conduct" as follows:
"* * * Willful conduct `involves an intent, purpose or design to injure.' Denzer v. Terpstra (1934), 129 Ohio St. 1, 1 O.O. 303, 193 N.E. 647, paragraph two of the syllabus; see, also,Reserve Trucking Co. v. Fairchild (1934), 128 Ohio St. 519,191 N.E. 745; Motorists Mut. Ins. Co. v. Bill (1978), 56 Ohio St.2d 258,266, 10 O.O. 3d 398, 402, 383 N.E.2d 880, 884. Wanton conduct occurs when one `fails to exercise any care whatsoever toward those to whom he owes a duty of care, and his failure occurs under circumstances in which there is great probability that harm will result * * *.' Hawkins v. Ivy (1977), 50 Ohio St.2d 114, 4 O.O. 3d 243, 363 N.E.2d 367, syllabus; Brooks v.Norfolk Western Ry. Co. [(1976), 45 Ohio St.2d 34, 74 O.O. 2d 53, 340 N.E.2d 392], supra." Id.
There was no evidence of any intention, purpose or design to injure appellant by appellee, and so, there was no willful conduct on the part of appellee. Moreover, although appellee "`* * * is bound to exercise the highest degree of care consistent with the practical operation of such business in the construction, maintenance and inspection of such equipment and isresponsible for any conduct falling short of that standard'
(Emphasis added.)," Dolata v. Ohio Edison Co. (1981), 2 Ohio App.3d 293,294, 2 OBR 324, 325, 441 N.E.2d 837, 839, quotingHetrick v. Marion-Reserve Power Co. (1943), 141 Ohio St. 347, 25 O.O. 467, 48 N.E.2d 103, at paragraph two of the syllabus, Ohio law does not impose on a landowner or occupier a duty to anticipate the presence of children and to prepare for their safety. Wills, supra; Hannan v. Ehrlich (1921), 102 Ohio St. 176,131 N.E. 504. There is no evidence that appellee knew of the presence of children on the land, nor is there evidence that appellee was remiss in constructing, maintaining or inspecting the tower. Therefore, there is no evidence of wanton misconduct on the part of appellee.
Accordingly, appellants' second assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the parties complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App. R. 24, it is ordered that appellants pay the court costs of this appeal.
Judgment affirmed.
CONNORS, HANDWORK and GLASSER, JJ., concur. *Page 87