**BREWSTER, Appellant,**

**v.**

**CSX TRANSPORTATION, INC., Appellee.**

[Cite as *Brewster v. CSX Transp., Inc.* (2000), 138 Ohio App.3d 738.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–000005.

Decided Aug. 18, 2000.

*Chattman, Gaines & Stern* and *Thomas C. Wood, Jr.*; *Bondurat & Appleton, P.C.*, and *Larry W. Lockwood, Jr.*, for appellant.

*Lindhorst & Dreidame* and *James L. O'Connell*, for appellee.

---

*Per Curiam.*

Plaintiff-appellant Ryan Brewster appeals the trial court's entry of summary judgment in favor of defendant-appellee CSX Transportation, Inc. ("CSX"), on Brewster's claims for negligence. Because no genuine issues of material fact exist in this case and CSX is entitled to judgment as a matter of law, we affirm the judgment of the trial court.

This court reviews the entry of summary judgment *de novo*. A motion for summary judgment shall be granted if the court, views the facts in a light most favorable to the party opposing the motion and determines that (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence demonstrates that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party opposing the motion. Civ.R. 56(C).

The moving party "bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims."[1] When the moving party discharges that burden, the nonmoving party then has a reciprocal burden to set forth "specific facts" by the means listed in Civ.R. 56(E) to show that a triable issue of fact exists.[2]

With the evidence construed in the light most favorable to Brewster, the record shows that: on June 13, 1994, Ryan Brewster, then fourteen years old, was walking in his neighborhood near Sheehan Road in Cincinnati, Ohio, with some friends. As Brewster and his friends neared a railroad crossing on Sheehan Road, a train moved across their path and then stopped, blocking the intersection and the pedestrian right-of-way.

According to Brewster, the train remained at the intersection, blocking the right-of-way, for at least fifteen minutes. Brewster was anxious to get home. As he had done on a number of occasions before, and as he had seen others do,

---

1. See *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274.

2. *Id.* at 293, 662 N.E.2d at 274; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801.

Brewster attempted to cross the intersection by climbing between the cars of the train. As he was crossing, the train began to move again, without warning. Brewster fell from the train, his body landing partially underneath the train. Brewster's right foot was severed by the train's wheels. Despite treatment of his injury, Brewster eventually had to have his right leg amputated at mid-shin.

In *Brooks v. Norfolk & Western Ry. Co.*, the Supreme Court of Ohio held at paragraph one of the syllabus:

■ "Where the status of plaintiff is that of a trespasser on a railroad right-of-way at the time certain injuries were sustained by him, recovery can only be had against the railroad if the record demonstrates wanton misconduct on its part in connection with the accident."[3]

■ R.C. 4999.02 prohibits persons from climbing, standing, or stepping on a train's engines or its cars or tracks, unless permitted by law or by the railroad. In this case, the undisputed evidence demonstrates that Brewster climbed onto the train without permission or other authority. Brewster was therefore a trespasser on the train and, in accordance with *Brooks*, could not recover against the railroad unless he demonstrated that the railroad had engaged in wanton misconduct.

Brewster's complaint against CSX Transportation contained no allegations of willful or wanton misconduct. The complaint alleged mere negligence. In his deposition, Brewster maintained only that the railroad had been negligent. CSX Transportation was therefore entitled to judgment as a matter of law.

■ Brewster claims that the railroad was negligent *per se* because it blocked the right-of-way for more than five minutes, in violation of R.C. 5589.21, which prohibits a railroad company from obstructing a public street for more than five minutes. Even if the railroad were negligent *per se,* its mere negligence would be an insufficient basis for imposing liability for the accident. As stated above, Brewster must demonstrate that the railroad acted willfully or wantonly. Case law does not support Brewster's argument that CSX Transportation's duty of care was modified by its alleged violation of the five-minute rule in R.C. 5589.21.

In *Lake Erie & W. RR. Co. v. Mackey,* cited by Brewster, the court held that a claim for negligence could be stated by alleging that a railroad blocked an intersection for more than five minutes and when a nine-year-old child, without "the capacity to foresee and avoid danger," attempted to cross the intersection between the cars and in "full view of the engineer's position."[4] In this case,

---

3. (1976), 45 Ohio St.2d 34, 74 O.O.2d 53, 340 N.E.2d 392. See, also, *Gladon v. Greater Cleveland Regional Transit Auth.* (1996), 75 Ohio St.3d 312, 317, 662 N.E.2d 287, 293.

4. (1895), 53 Ohio St. 370, 379, 381, 41 N.E. 980, 980–981.

Brewster did not assert that he lacked the capacity to appreciate the danger of crossing between the cars. He also specifically stated in his deposition that the engine of the train was not in sight of the cars through which he passed and that he had no evidence that anyone from the train had seen him.

*Mackey* has also been limited by subsequent decisions. In *Capelle v. Baltimore & Ohio RR. Co.*, the Supreme Court of Ohio held that the predecessor statute to R.C. 5581.21 was "designed to facilitate the movement of traffic and to discourage unnecessary blockage; it is not a safety measure * * *."[5]

Therefore, we affirm the summary judgment of the trial court in favor of CSX Transportation.

*Judgment affirmed.*

HILDEBRANDT, P.J., DOAN and WINKLER, JJ., concur.

---

5. (1940), 136 Ohio St. 203, 16 O.O. 215, 24 N.E.2d 822, paragraph three of the syllabus.